SAMUEL STELLE ET AL. v. R. E. SHANNON ET AL.

(Case No. 1605.)

1. RES ADJUDICATA — PRACTICE.— When parties have agreed to refer a case to the commission of appeals, and to abide by its award, the judgment of that court is binding and conclusive upon this court as to all questions so settled in that case.

2. RECOVERY — ADMINISTRATION.— Parties cannot be heard to complain for the first time in this court, that a recovery against an estate must be made through administration, particularly when four years have elapsed from the death of the original defendant to the time when judgment was rendered in the lower court, and no administration existed.

3. ATTACHMENT BOND — SURETY.— When there is no statement of facts, the liability of the surety on the attachment bond as set forth in the judgment, rendered against him as such, is conclusive.

4. PRESUMPTION — JUDGMENT.— In the absence of a statement of facts it will be presumed that every fact necessary to support the judgment, and authorized by the pleadings, was established.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Stelle, Yost & Co. filed their suit in the district court of Grayson county against R. E. Shannon and J. T. Shannon, a firm doing business under the firm name of R. E. Shannon & Bro., and at the same time sued out an attachment and levied it upon certain goods in possession of J. T. Shannon. R. G. Hall, J. G. Robberson and G. W. McDonald were sureties on the attachment bond. All of the plaintiffs died except Samuel Stelle, who prosecuted the suit as surviving partner. J. T. Shannon pleaded that at the time the debt was contracted he was a minor and was therefore not bound. He pleaded in reconvention for the value of the goods, alleging that R. E. Shannon had sold them to him. J. T. Shannon died on December 7, 1879. On August 18, 1881, the appellees, heirs of J. T. Shannon, made themselves defendants, and pleaded over against plaintiff and his sureties for the value of the goods levied upon. Robberson and McDonald pleaded their discharge in bankruptcy. The cause was submitted to the court without a jury, and the court found the following special issues of law and fact: 1st. That the debt sued upon was contracted by R. E. Shannon & Bro., of which firm J. T. Shannon was the brother. 2d. That the debt was contracted on the —— day of ——, 1873, by the firm, and that at the time it was contracted J. T. Shannon was a minor, and this fact was known to plaintiffs. 3d. That J. T. Shannon died intestate without having been married, on the 7th of December, 1879, and that he attained his majority on the 24th day of October, 1876. 4th. That R. E.

Shannon sold his interest in the partnership property to J. T. Shannon shortly before the issuance of the plaintiffs' attachment. 5th. That the sale was made with the intent to hinder and delay and defraud creditors, and that it did not pass title to R. E. Shannon's interest. 6th. The goods levied upon by plaintiffs' attachment belonged to R. E. Shannon & Bro., before the sale of R. E. Shannon. 7th. Defendants are the heirs of J. T. Shannon, and there has been no administration upon his estate. 8th. Defendants proved by R. E. Shannon that he did not know of any debts against J. T. Shannon's estate, but the court found from the evidence that judgment in favor of Gill & Murphy for $——— was a subsisting debt against the estate of J. T. Shannon, judgment rendered on the —— day of ———. 9th. That J. T. Shannon was not, and his estate was not, liable to plaintiffs' debt. 10th. That plaintiffs recover of R. E. Shannon $2,451.75, and that the attachment lien be foreclosed on his interest in the goods attached. 11th. That defendants, the heirs of J. T. Shannon, recover of plaintiffs the sum of $1,752.94, said J. T. Shannon's interest in the goods. 12th. Defendants McDonald and Robberson discharged from liability.

Upon the foregoing findings, the court entered judgment against Samuel M. Stelle and R. G. Hall in favor of defendants, the heirs of J. T. Shannon.

*T. J. Brown*, for appellants.

*Hare & Head*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— The question of the liability of J. T. Shannon, or of his interest in the partnership property of the firm of R. E. Shannon & Bro., comes before us under the same facts, as shown by the pleadings, as did the same question in the same case on a former appeal.

On that appeal the cause was, by the agreement of parties, submitted to the commissioners of appeals, and in their award it was determined that the minority of J. T. Shannon, by him pleaded, was a bar to the action against him, and that neither he nor his interest in the partnership property belonging to the firm of R. E. Shannon & Bro., of which he was a member by contract made during his minority, was liable for the debt sued on.

That award, under the law, was made the judgment of this court, and whatever might be the opinion of this court upon the question presented, could we examine it as an original question, we are of the opinion that, by that judgment, the rights of the parties upon

the questions then adjudicated must be considered as conclusively settled.

The question is an interesting one, but we do not feel at liberty to re-examine it as the case is presented.

The appellant suggested the death of J. T. Shannon, and asked that his representatives be made parties, and his heirs were made parties by an order of the court duly entered.

To this action of the court no exception was taken in the court below. Nearly four years had elapsed after the death of J. T. Shannon before the judgment in this cause was rendered; no administration was taken out on his estate; the appellants were willing to prosecute, and did prosecute, their claim against his heirs, and we are of the opinion that, under such a state of facts, the appellants cannot be heard to complain in this court for the first time, and to assert that a recovery could be had against them by an administrator alone, even if it was shown that other persons held debts against the estate of J. T. Shannon.

There is no statement of facts, nor statement of conclusions of fact and law made out by the judge who tried the cause, in accordance with article 333, Revised Statutes. If, however, the recitals in the judgment can be regarded as such a statement, or if the agreement of the parties may be regarded, as an agreement under article 1414 Revised Statutes, upon neither of which questions is it necessary for us to pass, then it is simply shown that there was a subsisting judgment against J. T. Shannon, the amount of which is not shown.

The general rule is that the heirs of a deceased person are not the proper parties to maintain a suit for a debt due to the estate of a deceased person; but as this case is presented, the appellants cannot insist upon this rule.

If the recitals in the judgment are to be regarded at all, then the liability of Hall as a surety on the attachment bond given by the appellants sufficiently appears. If the recitals in the judgment cannot be considered, then, in the absence of a statement of facts, it must be presumed that every material fact necessary to support the judgment, and authorized by the pleadings, was proved.

As the case is presented the judgment must be and is affirmed.

AFFIRMED.

[Opinion delivered October 14, 1884.]